Reginald COUNTRY, Appellant,

v.

Robert PARRATT, Warden, Appellee.

No. 79–2082.

United States Court of Appeals, Eighth Circuit.

Submitted May 22, 1980.

Decided May 30, 1980.

Stephen L. Ahl, Barlow, Johnson, DeMars & Flodman, Lincoln, Neb., for appellant.

Linda A. Akers, Asst. Atty. Gen., Lincoln, Neb., for appellee; Paul L. Douglas, Atty. Gen., and Linda A. Akers, Asst. Atty. Gen., Lincoln, Neb., on brief.

Before GIBSON, Senior Circuit Judge, and HEANEY and ROSS, Circuit Judges.

PER CURIAM.

Reginald Country appeals from the district court's denial of his application for a writ of habeas corpus. In exchange for Country's plea of nolo contendere to forcible rape, the district attorney dropped a habitual criminal charge that could have lengthened Country's sentence. Country contends that his plea and his resulting sentence of ten to thirty years should be set aside because the plea was not knowing or voluntary and because he was denied effective assistance of counsel in both pleading and sentencing. Specifically, Country contends that his counsel (1) failed to adequately investigate the facts of his case; (2) failed to adequately advise him of all relevant considerations in making his plea; (3) failed to suppress the identification of Country by the rape victim at a preliminary hearing; and (4) failed to familiarize himself with the presentence report sufficiently to represent Country at the sentencing hearing. Country argues that his plea was neither knowing nor voluntary because he thought he was pleading nolo contendere to attempted rape, rather than forcible rape,

and because he was coerced into pleading by the filing of the habitual criminal charge. The district court addressed each of these contentions and found them to be meritless. We affirm that judgment on the basis of Judge Denney's well-reasoned memorandum.

Country raises yet another ground for his challenge on appeal: he contends that he was denied an impartial tribunal in his plea hearing, because the trial judge indicated his belief that Country was guilty of forcible rape. Country rests his argument on the following discourse:

> THE COURT: And do you also understand that if the case were to be tried to a jury, I would think that it would be a reasonable expectation that there would be a very strong probability that the jury would find you guilty; do you agree with that, if you tried it to a jury rather than to a judge?
>
> MR. COUNTRY: Yes.
>
> THE COURT: But if you were to try it to the judge, whether myself or any of the other judges here, there would not, I suppose, be that strong probability, but there would, at least, be a reasonable possibility that the judge would find you guilty; is that a fair statement?
>
> MR. COUNTRY: Yes.
>
> THE COURT: And it is based upon that situation that you are offering a plea of no contest today; is that correct?
>
> MR. COUNTRY: Yes.

Country also complains of similar comments made by the court at the sentencing hearing a month later.

█ In our view, none of these statements indicate that the court was not objective. The facts of this case are not even remotely similar to those of *Rinehart v. Brewer*, 561 F.2d 126, 132–133 (8th Cir. 1977), upon which Country relies. The trial judge in *Rinehart* made an undisclosed ex parte inquiry into the defendant's mental condition prior to his arraignment, and the judge testified that his inquiry was perhaps partially responsible for his conclusion before arraignment that the defendant was a sexual psychopath who had to be sentenced to a life imprisonment.

Affirmed.